IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARCUS CRAWFORD, )<br>)<br>Petitioner, )<br>v. )<br>)<br>RICH PILLOW, Warden, )<br>Jacksonville Correctional Center, )<br>)<br>Respondent. ) | No. 09 CV 3573<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Marcus Crawford, an inmate currently incarcerated at the Jacksonville Correctional Center in Jacksonville, Illinois, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has requested an evidentiary hearing. For the following reasons, the petition and request for an evidentiary hearing are denied.

## BACKGROUND

Petitioner was charged by indictment in the Circuit Court of Cook County with two counts of first-degree murder, two counts of armed violence, two counts of aggravated battery, and one count each of attempted first-degree murder, aggravated battery with a firearm, and aggravated discharge of a firearm. On April 28, 1998, petitioner and co-defendant Billy Williams entered negotiated guilty pleas[1] to the first-degree murder of one victim and the attempted first-degree murder of a second victim.

---

[1] A negotiated plea, as defined in Illinois Supreme Court Rule 604(d), is one in which "the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."

Before petitioner entered his plea, the judge admonished him that the sentences for the two offenses were required to be imposed consecutively. At that time, section 5-8-4(a) of the Illinois Unified Code of Corrections, 730 Ill. Comp. Stat. 5/5-8-4(a) (West 1998), mandated the imposition of consecutive sentences for offenses committed in a single course of conduct when one of them was a Class X or Class 1 felony and the defendant inflicted severe bodily injury. Attempted murder was, and continues to be, a Class X felony; first-degree murder was (and is) not.[2] Illinois appellate courts were split on whether the statute required the severe bodily injury to be caused by the Class X or Class 1 felony (the First and Second Districts' interpretation), or whether severe bodily injury from one offense, and the existence of a separate offense that was a Class X or Class 1 felony, also mandated consecutive sentences (the Third District's conclusion). Compare People v. Syverson, 687 N.E.2d 528, 532 (Ill. App. Ct. 1997) ("So long as a Class X or Class 1 felony is committed and severe bodily injury is inflicted during a single course of conduct, consecutive sentences are required."), with People v. Medrano, 669 N.E.2d 114, 121 n.1 (1996) (holding that the severe bodily injury requirement must be proximately connected to the Class X or Class 1 felony to trigger mandatory consecutive sentences). A year and a half after petitioner entered his plea, the Illinois Supreme Court overruled Syverson in People v. Whitney, 720 N.E.2d 225 (1999), and held that the statute required consecutive sentencing where the defendant had committed a Class X or Class 1 felony and had inflicted severe bodily injury during the commission of that particular felony. Id. at 229.

---

[2] The statute has subsequently been amended to include first-degree murder as a triggering offense for imposing consecutive sentences. 730 Ill. Comp. Stat. 5/5-8-4(d)(1) (West 2010).

In petitioner's case, there was only one Class X or Class 1 felony at issue: attempted murder. Thus, to impose consecutive sentences, the state trial court must have determined either that the murder victim sustained severe bodily injury (which would have violated Whitney, had that case been decided when petitioner entered his guilty plea), or that the attempted murder victim sustained such injury.

The trial judge also informed petitioner of the statutory minimum and maximum sentences for his offenses: twenty to sixty years for first-degree murder, and six to thirty years for attempted murder. Before accepting petitioner's plea, the court explained that "[d]uring the 402 conference,[3] the parties gave me an extensive factual basis to support the pleas of guilty." The court further noted that "a sufficient basis" for petitioner's guilty plea existed, based on the arrest reports and statements from petitioner and his co-defendant presented at the 402 conference, and on the facts presented at the hearing.

Petitioner then entered a plea of guilty, which the court determined was "voluntary and intelligent." The court asked for aggravation and mitigation evidence, but both the prosecution and defense rested on the factual basis presented at the 402 conference. Petitioner was sentenced to consecutive terms of twenty-six years' imprisonment for first-degree murder and six years' imprisonment for attempted first-degree murder.

---

[3] Prior to the plea hearing, the parties conducted a pretrial conference, pursuant to Illinois Supreme Court Rule 402(d)(2), at which the parties disclosed to the trial court that they had reached a tentative plea agreement. This conference need not be held in open court or transcribed.

**First Motion to Vacate Guilty Plea**

Acting pro se, petitioner moved to withdraw his guilty plea on June 3, 1998, arguing that his trial counsel was ineffective because he failed to inform petitioner that he "may have been sentenced" under Illinois's truth-in-sentencing statute.[4] The court denied his motion as untimely. Petitioner appealed, arguing that the trial court had failed to comply with Illinois Supreme Court Rule 605(b), which requires trial courts to admonish defendants who plead guilty as to their trial rights. The prosecution acknowledged error on the Rule 605(b) claim, and the Illinois Appellate Court remanded to allow petitioner to file a new motion to vacate his guilty plea.

**Second Motion to Vacate Guilty Plea**

On remand, petitioner, through appointed counsel, moved to vacate his guilty plea, arguing, in pertinent part, that the sentencing court erred in imposing consecutive sentences. The trial court denied the motion. Petitioner appealed, presenting a number of arguments, including that his appointed counsel violated Illinois Supreme Court Rule 604(d) by failing to certify that he had "read the report of proceedings or reviewed the trial court file before presenting the motion[] to the court." Agreeing with petitioner's Rule 604(d) claim, the Illinois Appellate Court reversed and remanded to allow petitioner to file a third motion to vacate his guilty plea. Order, People v. Crawford, Nos. 1-01-2163 & 1-01-2625:C (Ill. App. Ct. June 6, 2003). The court did not address petitioner's other arguments, which included a claim that his consecutive sentences were void because the attempted murder victim had not sustained severe bodily injury, as required by 730 Ill. Comp. Stat. 5/5-8-4(a).

---

[4] Petitioner was, in fact, mistaken; he was sentenced before the truth-in-sentencing statute was enacted.

4

**Third Motion to Vacate Guilty Plea**

Again on remand, petitioner (represented by the same counsel) filed an amended motion to vacate his guilty plea, arguing that his consecutive sentences were void. After a hearing, the court denied petitioner's motion. Petitioner appealed, and the Illinois Appellate Court affirmed, finding that the trial court correctly imposed consecutive sentences. The appellate court explained that because petitioner agreed to these sentences before entering a plea, the court could not question whether the evidence presented at the plea negotiation conference supported consecutive sentences. Order, People v. Crawford, No. 1-04-1782 (Ill. App. Ct. Dec. 2, 2005).

Petitioner filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court, again raising the void sentence claim. The court denied the PLA. Order Denying PLA, People v. Crawford, No. 102028 (Ill. March 29, 2006).

**State Postconviction Proceedings**

On July 27, 2006, petitioner filed a pro se postconviction petition pursuant to 725 Ill. Comp. Stat. 5/122-1, et seq., raising two claims: (1) his consecutive sentences were void; and (2) his post-plea counsel was ineffective for failing to introduce into evidence the attempted murder victim's medical records. The state trial court denied the postconviction petition. Petitioner appealed, raising the same two claims, and the Illinois Appellate Court affirmed. Order, People v. Crawford, No. 1-06-2618 (Ill. App. Ct. July 17, 2008). Petitioner filed a PLA in the Illinois Supreme Court, reiterating those two claims and adding a new one: the Illinois Appellate Court erred in holding that petitioner waived his right to challenge the consecutive sentences by entering a negotiated plea agreement. The Illinois Supreme Court denied his PLA. Order

Denying PLA, People v. Crawford, No. 107243 (Ill. Nov. 26, 2008). Petitioner thus exhausted his state court remedies.

**Federal Habeas Proceedings**

On June 12, 2009, petitioner filed the instant petition for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), U.S.C. § 2254, raising two claims, (1) the imposition of consecutive sentences violated petitioner's due process rights, and (2) petitioner's post-plea counsel was ineffective for failing to introduce into evidence the attempted murder victim's medical records to support the argument that no evidence established that the victim sustained a severe bodily injury. In petitioner's reply brief, he further requested that the court hold an evidentiary hearing on the claims raised in his habeas petition.

## DISCUSSION

**I.     Void Consecutive Sentences**

Petitioner argues that habeas relief is appropriate because the trial court improperly imposed consecutive sentences, thereby violating his Fourteenth Amendment right to due process. This claim, however, is noncognizable on federal habeas review because, although petitioner invokes the Fourteenth Amendment, he does not explain why or how his constitutional rights were violated. Nor could he; his claim is squarely based on Illinois law. As petitioner explains, "the heart of this writ of habeas corpus is the petitioner's argument that the consecutive sentences he received . . . when he pleaded guilty [are] void, because at the time of his guilty plea, (1998), the case law regarding consecutive sentences in Illinois . . . was unclear." Petitioner's habeas petition and his reply brief do not advance any federal constitutional

6

argument, but rather focus on the argument that the trial court erred in imposing consecutive sentences because the attempted murder victim did not sustain severe bodily injury under the meaning of 730 Ill. Comp. Stat. 5/5-8-4(a) (West 1994). Petitioner's argument appears to be that either, (1) the trial court improperly relied on the murder victim's severe bodily injury, contrary to Whitney, or (2) the trial court relied on the attempted murder victim's severe bodily injury, which would have been unreasonable because that victim's only injury was a gunshot wound to his thumb. Regardless, Whitney had not been decided when petitioner was sentenced. Further, the Illinois Supreme Court's analysis in Whitney was based purely on state statutory interpretation, not on federal constitutional principles. Because "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), this court may not consider petitioner's claim that his consecutive sentences are void under Illinois law.

Even if petitioner's claim was cognizable, it is procedurally defaulted because petitioner failed to fairly present this claim in the state courts. 28 U.S.C. § 2254(b): Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007). If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and this court may not consider them on the merits. Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004) (citations omitted). To determine whether a petitioner has fairly presented his claim before the state courts, the court looks at four factors: whether petitioner: (1) relied on relevant federal cases applying constitutional analysis; (2) relied on state cases applying federal constitutional analysis to a similar factual situation; (3) asserted the claim in terms so particular as to call to mind a specific constitutional right; and (4) alleged a pattern of facts that is well within the mainstream of federal constitutional litigation. Verdin v. O'Leary,

7

972 F.2d 1467, 1473-74 (7th Cir. 1992). Generally, the petitioner must have "articulate[d] the point in such a way that a judge could grasp both its substance and foundation in federal law." Lockheart v. Hulick, 443 F.3d 927, 929 (7th Cir. 2006).

Petitioner failed to do so. Neither in his motions to vacate his guilty plea, nor in his postconviction appeal, did he cite relevant federal law or state law applying federal constitutional law, assert his argument in terms that would call to mind a constitutional right, or allege a factual pattern well within the mainstream of federal constitutional litigation. The only federal constitutional claim petitioner presented in the state courts is an argument that his consecutive sentences violated his Fifth, Sixth, and Fourteenth Amendment rights as they derived from an improper sentencing scheme in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). This is not, however, the argument petitioner advances in his habeas petition, perhaps because the Supreme Court has unambiguously held that Apprendi does not apply to consecutive sentences. Oregon v. Ice, 555 U.S. 160 (2009) (holding that the Sixth Amendment does not prohibit a judge from determining facts that affect the decision whether to impose sentences concurrently or consecutively). Here, petitioner relies "solely on state law principles" in arguing that his due process rights were violated, a fact that "belies the notion that the Illinois appellate [and supreme] court[s] should have understood that [petitioner] was invoking his rights under the U.S. Constitution." Wilson v. Briley, 243 F.3d 325, 328 (7th Cir. 2001). Petitioner's consecutive sentences argument is therefore procedurally defaulted.

Nor is petitioner's procedural default excused. The court may excuse procedural default only upon a showing of cause and prejudice or actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To demonstrate cause and prejudice, the petitioner must show that an

"objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . . impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest, 474 F.3d at 929 (internal quotations omitted). Petitioner, however, has not attempted to show—nor, as the record reflects, could he show—cause for failing to raise a due process claim in state court. Further, petitioner has not attempted to claim actual innocence, let alone "present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002).

Finally, respondent argues that petitioner's consecutive sentences argument is barred by Teague v. Lane, 489 U.S. 288 (1989), which held that (subject to a few exceptions) new constitutional rules are not retroactively applicable to cases on federal habeas review. Because the state has raised the issue, the court will consider Teague's applicability. Caspari v. Bohlen, 510 US. 383, 389 (1994) (instructing courts to consider the state's argument that a federal habeas claim is barred by Teague before addressing the petition's merits). The state's invocation of Teague, however, is incorrect because that doctrine is inapplicable to petitioner's void consecutive sentences claim, which—as discussed at length above—does not concern a new constitutional rule. Instead, it concerns only a state statutory interpretation issue.

If, however, the court stretched to apply Teague, its non-retroactivity doctrine would indeed bar any constitutional claim that petitioner might have. The Supreme Court has held that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty

9

premise." Brady v. United States, 397 U.S. 742, 757 (1970). To overturn Brady would require a new constitutional rule, the application of which would be Teague-barred. See Gacy v. Welborn, 994 F.2d 305, 311 (7th Cir. 1993) ("Discarding two recent decisions of this circuit necessarily would establish a 'new rule' for purposes of Teague.").

## II. Ineffective Assistance of Post-Plea Counsel

Petitioner also claims that he received ineffective assistance of counsel at the hearing on his motion to vacate his guilty plea, when his lawyer failed to introduce into evidence the attempted murder victim's medical records. Petitioner theorizes that the failure to include the medical records precluded meaningful review of his consecutive sentences. If his post-plea counsel had included the medical records, petitioner argues, it would have been obvious that the attempted murder victim's gunshot wound was minor, not severe. This claim lacks merit.

Because petitioner litigated this claim in the Illinois Appellate Court during his postconviction proceedings, § 2254(d) governs the court's review. Petitioner can thus prevail on his ineffective assistance claim only if he shows that the Illinois Appellate Court's rejection of his ineffective assistance claim was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has shown neither.

Petitioner cannot establish that the Illinois Appellate Court's decision was contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1983), which requires ineffective assistance claims to be based on a showing that counsel's performance was deficient, and that counsel's deficient performance "prejudiced [petitioner's] defense." 466 U.S. at 687,

10

696. First, petitioner did not even attempt to argue in the state appellate court that his post-plea counsel's performance was deficient, which would require him to show that counsel's performance "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." Whitman, 434 F.3d at 690. Because petitioner gave that court nothing to consider, the court could not have unreasonably applied Strickland or come to a conclusion contrary to it in assessing petitioner's nonexistent argument that his counsel's performance was constitutionally deficient.

Second, petitioner has not shown that the Illinois Appellate Court unreasonably applied or acted contrary to Strickland in finding that petitioner's post-plea counsel's failure to include the medical report did not result in prejudice. To conclude that prejudice existed, the appellate court would have had to find that petitioner showed it was reasonably likely that, but for his counsel's errors, a different decision would have been reached. Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir. 2006). The appellate court considered that the trial court had stated that it considered "an extensive factual basis" in the pre-plea 402 conference, along with the fact that petitioner told the appellate court that his trial counsel had the attempted murder victim's medical report during the guilty plea proceedings. This court cannot say that the Illinois Appellate Court failed to understand Strickland in making its determination, based on these facts, that no prejudice existed.

In addition to failing to demonstrate that the Illinois Appellate Court's decision was contrary to or an unreasonable application of federal law, petitioner fails to show that the Illinois Appellate Court's decision was based on an unreasonable determination of the facts. A state court's decision is "based on an unreasonable determination of the facts" only if the reviewing

court determines that the state court's application of federal law was "objectively unreasonable." Williams, 562 U.S. at 409. In reviewing petitioner's claim that his post-plea counsel was ineffective for failing to include the attempted murder victim's medical report, the Illinois Appellate Court found that the attempted murder victim's medical report was, in fact, made available to and reviewed by the state trial court before petitioner's plea hearing: "Although the medical report was not included in the appellate record, it is clear that it was known as early as the plea proceedings." Order, People v. Crawford, No. 1-06-2618, at 8 (Ill. App. Ct. July 17, 2008). The Illinois Appellate Court further found that petitioner "did not assert or demonstrate through any supporting materials in his petition that the trial court did not have this information at that time." Id. From these determinations, the court made a reasonable decision that the failure to include the attempted murder victim's medical records in the motion to vacate petitioner's guilty plea did not constitute ineffective assistance.

### III. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing to allow him to develop the factual record on his two claims. 28 U.S.C. § 2254(e)(2) provides that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing" unless the claim relies on a retroactively applicable new rule of constitutional law or new facts, or the facts underlying the claim would "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

Petitioner has failed to develop a factual basis for either of his two claims. With respect to his first claim, petitioner did not argue in state court that the imposition of consecutive sentences violated his federal constitutional rights. Because he failed to even allege that the

consecutive sentences constituted a due process violation, petitioner cannot show that he made a "reasonable attempt, in light of the information available at the time, to investigate and pursue" such a claim in the state courts. Williams v. Taylor, 529 U.S. 420, 435 (2000).

With respect to his second claim, petitioner has failed to develop and substantiate the key factual allegation: if his post-plea counsel had attached the attempted murder victim's medical report to the motion to vacate petitioner's guilty plea, that plea would have been vacated. As the Illinois Appellate Court noted in denying postconviction relief, petitioner failed to "assert or demonstrate through any supporting materials in his petition that the trial court did not have" the medical report when petitioner entered his guilty plea. Order, People v. Crawford, No. 1-06-2618, at 8 (Ill. App. Ct. July 17, 2008). Because petitioner failed to develop the record, petitioner may receive an evidentiary hearing only if he establishes that his claims depend on a retroactively applicable new constitutional rule or on new, previously undiscoverable facts.

Petitioner cannot do so. No new rule of law applies to either of his claims, and petitioner was aware of the factual basis for his claims beginning in 2004. When, in 2004, he moved to withdraw his guilty plea based on his argument that his consecutive sentences were void, petitioner was clearly aware of the factual predicate for his due process claim: his claim that the state trial court did not know that the attempted murder victim suffered a gunshot wound to the thumb, requiring minor medical treatment. Petitioner was also clearly aware in 2004 of the factual basis for his ineffective assistance claim: that his post-plea counsel filed a motion to withdraw petitioner's guilty plea without attaching the medical report. Section 2254(e) thus precludes the availability of a evidentiary hearing.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied, as is petitioner's request for an evidentiary hearing.

**ENTER:** **April 19, 2011**

_____
**Robert W. Gettleman
United States District Judge**